**Zigwin Keith CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00987–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 27, 1989.

Rehearing Denied Sept. 14, 1989.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Diane Bull, Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, SAM BASS and HUGHES, JJ.

## OPINION

DUGGAN, Justice.

Appellant was charged with possession of a controlled substance. After the trial court denied his motion to suppress, he pled guilty, and the trial court assessed punishment at five years confinement.

We affirm.

On the morning of August 19, 1988, Houston Police Officer P.A. Brooks stopped a vehicle for a traffic violation and arrested the driver for possession of a controlled substance. While the officer was making the arrest by the side the road, appellant slowly drove by three times in a pickup truck. No one else was in the truck. When Officer Brooks arrived at the police station, appellant, still driving the pickup truck, pulled in and parked behind him. Appellant called to the officer from his truck and asked him why the prisoner had been arrested. When Officer Brooks answered that the arrest was made for possession of cocaine, appellant asked Brooks where he found the cocaine. Offi-

cer Brooks answered and approached appellant's vehicle. As he approached, he noticed a large amount of money and a clear plastic bag containing coins on the dashboard of the truck. When Officer Brooks was within one foot of the door of the truck, he smelled a strong odor of beer emanating from the truck. Appellant appeared to be a teenager, so Officer Brooks asked him his age; appellant responded that he was 18. The officer also asked appellant if he knew what the drinking age was, and appellant responded it was 21. Officer Brooks then saw a beer can sitting upright on the floorboard of the passenger side of the truck. He opened the door of the truck, picked up the beer can, and examined its contents. Although the can had been opened, it was still cold, and had about "two inches" of beer in it. He poured out the beer and left the can in the truck. Officer Brooks then arrested appellant for the offense of possession of an alcoholic beverage by a minor. Tex.Alco. Bev.Code Ann. § 106.05(a) (Vernon 1978).

During an inventory search of the truck, Officer Brooks found $2,159 in the form of "currency folded in half ... a stack of money" on the dashboard, a clear plastic bag of coins on the dashboard, and cash in appellant's pants pocket. In the clear plastic bag on the dashboard, Officer Brooks also discovered a white powdery substance, which later proved to be cocaine. He also found cocaine in the glove compartment.

Appellant appeals the denial of his motion to suppress. In points of error one and two, he argues that Officer Brooks did not have probable cause to seize the beer can; alternately, he urges that if the officer did have probable cause to seize the can, he did not have the authority to search the can.

■ An officer may lawfully arrest a person without a warrant if the facts and circumstances within the officer's knowledge and of which he has reasonable trustworthy information are sufficient to warrant a reasonable or prudent person in be-

lieving that the arrested person had committed or was committing an offense. *Vasquez v. State*, 739 S.W.2d 37, 44 (Tex.Crim. App.1987). Officer Brooks smelled the strong odor of beer when he approached appellant's truck; he saw an opened beer can in plain view on the floorboard of the truck; and he determined appellant was 18 years old.[1] These facts and circumstances gave the officer probable cause to arrest appellant for the offense of possession of an alcoholic beverage by a minor. *See Jackson v. State*, 745 S.W.2d 394, 396 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (odor of marijuana and officer's observation of occupants sitting in car without shoes and unzipped pants provided probable cause for arrest). Because the offense was committed in his presence, Officer Brooks had the authority to seize the can and conduct a search of the vehicle.

■ Appellant argues the seizure of the beer can cannot be based on the "plain view" doctrine because there was no prior justification for the intrusion—there was no indication that appellant had been drinking, had committed any traffic violation, or had given Officer Brooks permission to search his vehicle. While we have concluded that probable cause for appellant's arrest was established when the officer smelled beer and saw the open and upright beer can in the vehicle of a minor, the arrest and search can be justified under the plain view doctrine as well.

In order to invoke the plain view doctrine, three conditions are required: the initial intrusion must be proper so that the police have a right to be where they are; discovery of evidence must be inadvertent; and it must be immediately apparent to the police that they have evidence before them. *White v. State*, 729 S.W.2d 737, 741 (Tex. Crim.App.1987).

Here, Officer Brooks was lawfully in a position to notice the beer can. Appellant summoned Officer Brooks to his truck by calling to the officer while appellant remained in his truck. The officer then

---

1. Under the Alcoholic Beverage Code, a minor is a person under 21 years of age. Tex.Alco.Bev.

Code Ann. § 106.01 (Vernon Supp.1989).

walked to appellant's truck and smelled a strong odor of beer emanating from the vehicle. Officer Brooks then inadvertently noticed the upright beer can on the floorboard of the vehicle. At that time, it was immediately apparent to him that the can was evidence that appellant was in possession of an alcoholic beverage. *See Legall v. State*, 463 S.W.2d 731, 732 (Tex.Crim. App.1971) (officer had right to seize marijuana observed through car window).

■ Appellant next argues that there is no evidence that the can contained beer because the officer poured out the contents. He also contends that the officer was not qualified to identify the contents as beer. However, this situation is unlike that in *Gonzales v. State*, 666 S.W.2d 496, 499 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd), where the court held it was not readily apparent to officers that a plastic bottle with orange liquid contained methadone. *See also Howard v. State*, 599 S.W.2d 597, 604–05 (Tex.Crim.App.1980). Here, Officer Brooks smelled the odor of beer, and the can was labeled "Schlitz Malt Liquor." Officer Brooks also said that after he poured out the contents of the can, the truck no longer smelled of beer. These facts would give the officer reason to believe the can contained beer.

Points of error one and two are overruled.

■ In his third and fourth points of error, appellant maintains that the court's denial of his motion to suppress violated the fourth and fourteenth amendments of the United States Constitution, as well as Tex.Const. art I, sec. 9, and Tex.Code Crim. P.Ann. art. 14.01 (Vernon 1977). Appellant claims that Officer Brooks was suspicious of him from the outset and arrested him as a pretext for conducting a more thorough search upon which to charge a more serious crime.

Officer Brooks agreed that he was under the impression that appellant knew his prisoner because appellant drove by several times while he was making the arrest and had inquired about the reasons underlying the arrest. However, he also said that when he approached appellant's car, he had "no opinion" whether appellant was in possession of drugs—he did not see the cocaine in the clear plastic bag in plain view on appellant's dashboard, nor was he suspicious of the large amount of money he saw there. Officer Brooks testified that he arrested appellant for being a minor in possession of alcohol. He then conducted an inventory of the truck and had the vehicle towed to protect appellant's possessions and because the vehicle was blocking the police station's driveway.

We conclude that there is no showing that the officer's "real reason" for stopping appellant was to search for narcotics, and that the trial court did not err in overruling appellant's motion to suppress.

Points of error three and four are overruled.

The judgment is affirmed.

