NO. 07-10-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 24, 2011

_____

CHRISTOPHER JAMES HARPER, APPELLANT

V.

THE STATE OF TEXAS,  APPELLEE

_____

FROM THE 54TH DISTRICT COURT OF McLENNAN COUNTY;

NO. 2009-1398-C2; HONORABLE MATT JOHNSON, JUDGE

_____

Before HANCOCK and PIRTLE, JJ., and BOYD, S.J.[1]

**OPINION**

Appellant, Christopher James Harper, pled guilty in open court to intentionally or knowingly possessing a usable quantity of marijuana in an amount of five pounds or less but more than four ounces and was sentenced to fifteen months confinement

_____

[1]Hon. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. § 75.002.(a)(1) (West 2005).

pursuant to a plea agreement.[2]  In his single point of error, Appellant asserts the trial court erred by denying his motion to suppress the marijuana seized pursuant to a warrantless stop and search of a vehicle.  We affirm.

**Background**

In November 2009, a McLennan County Grand Jury returned an indictment charging Appellant with the state jail felony offense of intentionally or knowingly possessing a usable quantity of marijuana.  In January 2010, Appellant filed a motion to suppress all evidence recovered prior to his arrest contending the arresting officer extended the traffic stop beyond a reasonable time necessary to address the reason for the initial stop.

At the suppression hearing, Corporal Craig Bouse, of the City of Woodway Police Department, testified to the following:  Appellant was a passenger in a vehicle that was stopped for a defective brake light.  As Officer Bouse was standing by the driver's door, he detected the odor of alcoholic beverages coming from inside the vehicle.  After he had returned to his patrol vehicle to check for warrants, Officer Bouse discovered that the license of the driver had been suspended and was expired.  He called for backup and made contact with the driver.  He asked the driver to step out of the vehicle and wait in front of his patrol vehicle.  Officer Bouse was unable to detect an odor of alcohol

---

[2]*See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(3) (West 2010).

coming from the driver. When asked by Officer Bouse, the driver denied knowledge of any open containers of alcohol[3] or illegal contraband in the vehicle.

Officer Bouse then approached Appellant. He had already run Appellant's history and was aware that Appellant's driver's license had been expired for several years and he had multiple drug-related charges in the past. Officer Bouse asked Appellant about open containers and the consumption of alcoholic beverages. Appellant responded that he had consumed approximately five beers and indicated there was an open container beside his seat. Officer Bouse asked Appellant to get out of the vehicle and informed him that he was going to perform a probable cause search. He then asked Appellant whether there was anything else in the vehicle he should know about and told Appellant that now would be the time to come clean. At that point, Appellant admitted there was marijuana inside the vehicle.

As Officer Bouse searched the vehicle, he found an open can of beer and observed a white plastic bag under the passenger seat that appeared to contain marijuana. He ran his drug-detecting dog around the vehicle and the dog alerted. Officer Bouse then searched the vehicle and found a large bag of marijuana and a small marijuana blunt in a cigarette container.

In February 2010, the trial court denied Appellant's motion to suppress. Following an abatement of Appellant's appeal, the trial court issued its "*Findings And Conclusions Of Fact And Law*" in February 2011. In its findings, the trial court determined that Officer Bouse had probable cause to investigate the odor of alcoholic

---

[3]A person commits the offense if the person knowingly possesses an open container in a passenger area of a motor vehicle that is located on a public highway. *See* Tex. Penal Code Ann. § 49.031(b) (West 2011).

3

beverage he detected while speaking with the driver and that, during his investigation, Appellant indicated there was marijuana in the vehicle, whereupon Officer Bouse had probable cause to investigate whether the vehicle contained marijuana. The trial court concluded that the stop, ensuing search and Appellant's arrest did not violate Appellant's legal rights.

In February 2010, Appellant pled guilty in open court to the offense for which he was indicted pursuant to a plea agreement that permitted him to reserve his right to appeal the trial court's denial of his motion to suppress. He was then sentenced to fifteen months confinement. This appeal followed.

**Discussion**

Appellant asserts that he was improperly detained and the discovery of the marijuana was a result of his illegal detention. He contends that Officer Bouse should have written him a citation for having an open container in the vehicle after he informed the officer of the open container beside his seat and then ended Appellant's detention without searching the vehicle. He also asserts that he was coerced into making the admission that there was marijuana in the vehicle by the officer's prior statement that he was going to search the vehicle for open containers. The State counters that Officer Bouse lawfully detained Appellant pursuant to a traffic stop and, after smelling the alcoholic beverage, developed a reasonable suspicion sufficient to justify a search of the vehicle and its occupants. During that investigation, Appellant admitted there was an open container of alcohol and marijuana in the vehicle. With this information, Officer

4

Bouse was justified in detaining Appellant while he searched the vehicle for an open container and marijuana.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador,* 221 S.W.3d at 673. When application-of-law-to-fact questions do not turn on credibility and demeanor of witnesses, however, we review the trial court's rulings on those questions *de novo. Id.*

Further, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede,* 214 S.W.3d at 24; *State v. Kelly,* 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). When the trial court makes explicit fact findings, as it did here, we determine whether the evidence, when viewed in a light most favorable to the trial court's ruling, supports those fact findings. *Id.* We then review the trial court's legal ruling *de novo* unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.*

5

Finally, we must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007).

**Search and Seizure**

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. amend IV; *Wiede,* 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct and satisfies this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id.* at 672-73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex.Crim.App. 2005).

An investigative detention is reasonable, and thus constitutional, if (1) the officer's action was justified at the detention's inception, and (2) the detention was reasonably related in scope to the circumstances that justified the interference in the first place. *Terry v. Ohio*, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). For the officer's initial action to be justified under the first *Terry* prong, we ask whether there existed specific, articulable facts that, taken together with rational inferences from those facts, reasonably warranted that intrusion. *Id.* at 21. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some

6

indication that the unusual activity is related to a crime. *See Davis v. State*, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997).

Under the second *Terry* prong, an investigative detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *See Kothe v. State,* 152 S.W.3d 54, 63 (Tex.Crim.App. 2004). The scope of the seizure must also be restricted to that necessary to fulfill the seizure's purpose. *Florida v. R*oyer, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Once the reason for a routine traffic stop is resolved, the stop may not then be used as a "'fishing expedition for unrelated criminal activity.'" *Davis,* 947 S.W.2d at 243 (quoting *Ohio v. Robinette,* 519 U.S. 33, 41, 117 S.Ct. 417, 422, 136 L.Ed.2d 347 (1996) (Ginsburg, J., concurring)). Rather, reasonable suspicion that another offense was or is being committed is required to prolong the detention. *Lambeth v. State,* 221 S.W.3d 831, 836 (Tex.App.--Fort Worth 2007, pet. refused); *McQuarters v. State,* 58 S.W.3d 250, 256 (Tex.App.--Fort Worth 2001, pet. refused). The officer must be able to point to specific articulable facts, which, based on his experience and personal knowledge coupled with logical inferences drawn from these facts, warrant the additional intrusion. *Davis,* 947 S.W.2d at 244. An officer is entitled to rely on all the information obtained during his contact with a motorist in developing the articulable facts justifying continued detention. *Razo v. State,* 577 S.W.2d 709, 711 (Tex.Crim.App. 1979); *Powell v. State,* 5 S.W.3d 369, 377 (Tex.App.--Texarkana 1999, pet. refused).

Here, when Officer Bouse first spoke to the driver and detected the odor of alcohol emanating from the vehicle, he formed a reasonable suspicion there was an open container of alcoholic beverage in the vehicle and commenced an investigation.

7

After he eliminated the driver as the source of the odor, he then shifted his investigation to Appellant. When questioned about open containers, Appellant admitted he had consumed five beers and there was an open container in the vehicle.[4] At this point, Officer Bouse had probable cause to believe an open container violation was being committed and had authority to conduct a warrantless search of the vehicle for open containers.

Officer Bouse asked Appellant to get out of the vehicle and correctly informed him that he was going to do a probable cause search of the vehicle for open containers. He next asked Appellant whether there was anything else in the vehicle he should know about and told Appellant that now was the time to come clean.[5] Appellant then admitted there was marijuana inside the vehicle.[6] At this point, in addition to probable cause to search the vehicle for open containers, Officer Bouse had probable cause to search the vehicle for marijuana. When Officer Bouse subsequently searched the vehicle, he

[4]At this point, Appellant asserts Officer Bouse should have written him a citation for an open container violation and ended Appellant's detention. However, Officer Bouse had simply *heard* that there was an open container in the vehicle, he had not verified its existence by conducting a search or collected the open container as evidence. Appellant's reliance on the dissent in *Ford v. State*, 305 S.W.3d 530 (Tex.Crim.App. 2009) (Myers, J., dissenting), is misplaced. In *Ford*, Justice Myers's dissent asserts that the officer did not have probable cause to *believe* the defendant's vehicle contained contraband because he knew *with certainty* that the defendant's vehicle contained evidence of an open container violation, i.e., the officer observed three open beer cans prior to any search of the vehicle. *Id.* at 545. Because the officer had already observed the open beer cans, Justice Myers concluded in his dissent that there was no need to commence a search for "additional alcohol because possession of one or more open containers in a single-criminal episode is a single offense." *Id.* In our case, Officer Bouse did not discover an open container until he performed his search.

[5]These sorts of question can be asked during the traffic stop or after the purpose for the traffic stop has been effectuated. *Strauss v. State*, 121 S.W.3d 486, 491 (Tex.App.--Amarillo 2003, pet. ref'd) (Regardless whether the purpose of the traffic stop has been effectuated, the officer may still ask if the occupants possess illegal contraband and solicit consent to search.).

[6]Appellant asserts that he was coerced into confessing there was marijuana in the vehicle because of Officer Bouse's prior statement that he was going to do a probable cause search of the vehicle for open containers. Our review of the record yields no evidence of coercion, i.e., physical mistreatment, use of violence, threats, threats of violence, promises or inducements, deception or trickery. See *Meekins v. State*, 340 S.W.3d 454, 460 n.26 (Tex.Crim.App. 2011) (quoting *United States v. Pena,* 143 F.3d 1363, 1367 (10th Cir. 1998)).

found an open container (can of beer) and, under the passenger seat, a large plastic bag containing marijuana and a small marijuana cigarette. Once the marijuana was discovered, Officer Bouse had probable cause to arrest Appellant for the offense underlying his conviction.

We find that the trial court did not abuse its discretion in denying Appellant's motion to suppress. At the very least, the trial court's ruling is within the zone of reasonable disagreement. Accordingly, we overrule Appellant's single point of error.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Publish.