**Opinion issued October 1, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00975-CR

———————————

**STEVE OLIVARES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 11-CCR-155875**

---

## MEMORANDUM OPINION

A jury found Steve Olivares guilty of driving while intoxicated (DWI) and assessed his punishment at confinement for one hundred days, with credit for one hundred days previously served. Olivares contends that the trial court abused its

discretion in denying his motion to suppress his arrest because the arresting officer lacked both reasonable suspicion to prolong the detention and probable cause to search the vehicle without a warrant. We affirm.

## Background

Officer M. Curry of the Missouri City Police Department observed Olivares run a red light. He pulled Olivares over and, as he approached Olivares's vehicle, noticed two open beer cans on the rear floorboard. Officer Curry spoke with Olivares, returned to his patrol car to run Olivares's driver's license and a warrant check, and issued a citation. Officer Curry then informed Olivares that he was going to search the vehicle because of the beer cans on the floorboard. During the search, Curry found two empty beer bottles under the front passenger seat. After the search, Officer Curry smelled alcohol on Olivares's breath and administered a field sobriety test. Olivares failed and was arrested for DWI.

Olivares moved to suppress the arrest on the bases that Officer Curry lacked reasonable suspicion to prolong the detention beyond the time it took him to issue a traffic citation and lacked probable cause to search the vehicle. At the hearing on Olivares's motion, Officer Curry testified that he stopped Olivares for running a red light and that the beer cans on the rear floorboard, which were visible when he approached the car, gave him reasonable suspicion to extend the detention. He further testified that the presence of the beer cans on the rear floorboard, along

2

with Olivares's demeanor during the stop, gave him probable cause to search the vehicle. Specifically, Officer Curry testified that before the search, he noticed that Olivares's speech was slightly slurred and that Olivares was very nervous and talkative. Olivares also had difficulty understanding the traffic tickets—he did not know where to sign the tickets, even though the signature locations were clearly marked.

Olivares cross-examined Officer Curry about the DIC 23, the sworn statement Officer Curry was required to complete to indicate the bases for his determination that he had reasonable suspicion and probable cause to detain Olivares and search his car. The DIC 23 reflected that Officer Curry crossed out "slurred speech." Officer Curry testified that he mistakenly failed to indicate on the form that Olivares exhibited slurred speech. The trial court denied Olivares's motion to suppress his arrest, and Olivares challenges that ruling on appeal.

## Standard of Review

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Weide v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). If the trial judge does not enter findings of fact, the reviewing court must "view the evidence in the light most favorable to the trial court's ruling and assume

3

that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Id.* at 25. But we review de novo the trial court's application of the law to those facts. *Ford*, 158 S.W.3d at 493. A trial court's ruling will be sustained if it is "reasonably supported by the record and correct on any theory of law applicable to the case." *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citing *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)).

### Reasonable Suspicion

Olivares contends that Officer Curry did not have reasonable suspicion to extend the length and scope of the traffic stop once the purpose of the initial detention was fulfilled.

### A. Applicable Law

A police officer is permitted to stop and temporarily detain a person in order to conduct an investigation if the officer has a reasonable suspicion that an individual is violating the law. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968); *Ford*, 158 S.W.3d at 492 (citing *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002)). The officer "must be able to articulate something more than an 'inchoate and unparticularized suspicion or hunch.'" *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (quoting *Terry*, 392 U.S. at 27, 88 S. Ct. at 1883). "'Reasonable suspicion' exists if the officer has specific articulable facts

4

that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). "This standard is an objective one: there need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant." *Id.* "The reasonable suspicion determination is made by considering the totality of the circumstances." *Id.* An officer is entitled to rely on all of the information obtained during the course of his contact with the motorist in developing the articulable facts justifying continued investigating detention. *Mohmed v. State*, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref'd).

## B.    Analysis

Olivares urges this court to disregard the trial court's implicit finding that Officer Curry had reasonable suspicion to extend the detention. Citing *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997) (quoting *Ohio v. Robinette*, 519 U.S. 33, 41, 117 S. Ct. 417, 422 (1996)), Olivares argues that the traffic stop may not be used as a "fishing expedition for unrelated criminal activity" once the purpose of a routine traffic stop has been resolved. In *Davis*, the Court of Criminal Appeals explained that the "detention was required to be temporary and could last no longer than was necessary" to effectuate the purpose of the stop. *Davis*, 947 S.W.2d at 245 (citing *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325–

26 (1983)). The officers in *Davis* stopped Davis on suspicion of driving while intoxicated, then determined that he was not intoxicated. *Id.* at 241. The officers nevertheless continued to question and investigate him. *Id.* The Court of Criminal Appeals held there was no reasonable suspicion to justify the continued detention. *Id*. at 245-46. Once the officers determined Davis was not intoxicated, the purpose of the detention was complete, and continued detention was improper because it was "not based upon articulable facts which, taken together with rational inferences from those facts, would warrant a man of reasonable caution in the belief that continued detention was justified." *Id*. (citing *Terry*, 392 U.S. at 21–22, 88 S. Ct. at 1880).

*Davis* does not control this case. While Officer Curry initially stopped Olivares for running a red light, he subsequently learned articulable facts which, taken together with rational inferences from those facts, justified Olivares's continued detention. *See id.* Specifically, upon approaching Olivares's car, Officer Curry noticed two beer cans on the rear floorboard and, during the stop, Officer Curry observed that Olivares slurred his speech, was nervous and talkative, and had difficulty understanding the traffic tickets. This is "something more than an inchoate and unparticularized suspicion or hunch." *See Foster*, 326 S.W.3d at 614. These specific, articulable facts give rise to an objectively reasonable suspicion that another violation—either an open container violation or DWI—

6

could have been or was in the process of being committed. *See Harper v. State*, 349 S.W.3d 188, 192 (Tex. App.—Amarillo 2011, pet. ref'd) (concluding that officer was permitted to prolong detention, where appellant was originally stopped for defective brake light, because odor of alcohol in vehicle gave officer reasonable suspicion that there was an open container in vehicle); *Perales v. State*, 117 S.W.3d 434, 439 (Tex. App.—Corpus Christi, 2003, pet ref'd) (holding that red eyes, alcohol odor from car and breath, and beer bottle in plain view behind seat were sufficient facts to give rise to reasonable suspicion that appellant, who was originally stopped for speeding, was engaged in criminal activity and, therefore, further detention was justified).

"The trial court is the sole factfinder at a suppression hearing, and it may believe or disbelieve all or any part of a witness's testimony." *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)). The record supports the trial court's implicit finding that there was reasonable suspicion to extend the detention. Therefore, the trial court did not err by implicitly finding that Officer Curry had reasonable suspicion to prolong Olivares's detention.

We overrule Olivares's first point of error.

**Probable Cause**

In his second point of error, Olivares asserts that Officer Curry's mere observation of beer cans on Olivares's floorboard was insufficient to create probable cause to search the vehicle.

## A. Applicable Law

Probable cause requires an evaluation of probabilities, which are "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Weide*, 214 S.W.3d at 24 (quoting *Brinegar v. United States*, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310 (1949)). "[P]robable cause is a fluid concept–turning on the assessment of probabilities in particular factual contexts[.]" *Illinois v. Gates*, 462 U.S. 213, 232, 103 S. Ct. 2317, 2329 (1983). Probable cause exists when the known facts and circumstances would lead a reasonable person to believe that evidence of a crime will be found. *Id*. at 238-39, 103 S. Ct. at 2332. "The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer." *Amador*, 275 S.W.3d at 878.

## B. Analysis

Olivares argues that the presence of empty beer cans on his floorboard did not give Officer Curry probable cause to search the vehicle for evidence of a

violation of the open container law, because Officer Curry knew at the time of the search that the beer cans were empty. *See* TEX. PENAL CODE ANN. § 49.031(a)(1) (West 2011) (defining open container as an open receptacle that contains "any amount of alcoholic beverage"). In support of this argument, Olivares correctly points out that Officer Curry initially referred to the cans as "empty" beer cans. He further contends that Officer Curry contradicted himself when he later claimed he did not know whether they were empty at the time he decided to search.

But an open container violation is not the only offense that Officer Curry had probable cause to suspect was taking place. Viewing the totality of the objective facts and circumstances—including the presence of beer cans on the floorboard, Olivares's slurred speech, nervousness, and difficulty understanding the traffic tickets—the trial court could have found that there was probable cause to search the vehicle for evidence of DWI. *See Carter v. State*, 775 S.W.2d 780, 782 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (officer's observation of open beer can on floorboard and odor of alcohol in truck driven by minor gave officer probable cause to search the vehicle).

We overrule Olivares's second point of error.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).