

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-12-00053-CR

MICHAEL SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1226093D, Honorable Elizabeth Berry, Presiding

November 25, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Michael Smith appeals from his jury conviction of the offense of driving a motor vehicle while intoxicated and the resulting sentence of fifty-five years of imprisonment. He presents two issues. We affirm.

Background

Appellant was charged via an April 2011 indictment with operating a motor vehicle in a public place while intoxicated.[1] The indictment also included a habitual

---

[1] TEX. PENAL CODE ANN. § 49.04 (West 2011).

offender notice, indicating appellant's previous convictions for the same offense. Appellant plead not guilty. He also filed a motion to suppress "any and all tangible evidence seized by law enforcement officers." After a pretrial hearing, the trial court denied the motion.

Appellant was arrested after Arlington Police Department officers stopped him as he drove on Interstate 30 in heavy traffic between 4:00 and 5:00 in the afternoon. Their attention was drawn to appellant by a 911 call from another motorist, Rebecca Huff, who testified both at the suppression hearing and at trial.

Huff testified at trial that at 4:15 on an afternoon in January 2011, she was driving on I-30 between Dallas and Grand Prairie, Texas. She was nearly struck from behind by a grey Chevrolet Astro Van. She watched as the van swerved in and out of traffic several times, sped up and slowed down numerous times, and nearly hit another car. She thought the driver might be intoxicated and called 911 to report what she saw.

Officer Jessica Burns with the Arlington Police Department responded to the dispatch. She saw the van and Huff's car following it. Officer Burns followed the van, and also noted indicators that the driver was intoxicated, including his activating the van's right turn signal and swerving into the lane to the right then back into his previous lane; braking for no apparent reason; and driving about 40 miles per hour in a 60 mile-per-hour zone at a time when heavy traffic was moving much faster. The officer also saw a pick-up swerve to avoid the van when it started to move into the left-hand lane as the truck was passing.

Burns initiated a traffic stop, believing appellant was intoxicated and had committed the offense of failing to maintain a single lane. When she approached the

2

vehicle, she saw appellant alone in the van.  She noted the odor of alcohol on appellant's breath and his bloodshot eyes.  When questioned about his driving, appellant told the officer he was tired and having problems with his van.

A backup officer opened the sliding door of the van and a 24-ounce beer can fell out of the van.  Burns found another such can, about a quarter full, on the floor behind the driver's seat.  It was cold to the touch.   Burns testified appellant balanced himself against the van while waiting for officers.  Burns also administered several standard field sobriety tests, all of which appellant failed.  The patrol car video was introduced into evidence at trial and shown to the jury.

Appellant was arrested and taken to the hospital.  His blood was drawn and he admitted to another officer he had consumed four to six 24-ounce cans of beer that day.  His blood test showed his blood alcohol concentration level was 0.24, an amount three times the level for intoxication.

Appellant was found guilty and punishment was assessed as noted.  This appeal followed.

Analysis

Appellant's first issue challenges the sufficiency of the evidence to support his conviction.  In the second, he contends the trial court erred when it denied his motion to suppress because his initial detention was not supported by reasonable suspicion.  We will begin with the suppression issue.

Motion to Suppress

In his motion to suppress, appellant challenges the officer's reasonable suspicion that he was committing any offense, her detention of him, and the search that led to the seizure of the two 24-ounce cans of beer. Huff, the 911 caller, testified at the suppression hearing, along with two police officers. After denying appellant's motion, the court issued detailed findings of fact and conclusions of law.

A trial court's ruling on a motion to suppress, like any ruling on the admission of evidence, is subject to review on appeal for abuse of discretion. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). In other words, the trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). We reverse the ruling "only if it is outside the zone of reasonable disagreement." *State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). In reviewing a trial court's ruling on a motion to suppress, appellate courts must view all of the evidence in the light most favorable to the trial court's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

When a trial court makes explicit fact findings, as it did here, the appellate court determines whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports these fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *Figueroa v. State*, 250 S.W.3d 490, 508 (Tex. App.—Austin 2008, pet. ref'd). We then review the trial court's legal ruling *de novo* unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Kelly,* 204 S.W.3d at 818; *Figueroa,* 250 S.W.3d at 508.

4

An officer may initiate a traffic stop if she reasonably suspects that the driver has violated the law. *Ford v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead her to reasonably suspect that a particular person has, or soon will be, engaged in criminal activity. *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008); *Garcia v. State,* 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). In making this determination, we consider the totality of the circumstances. *Ford,* 158 S.W.3d at 492; *Garcia,* 43 S.W.3d at 530.

The transportation code as applicable here provides a driver "shall drive as nearly as practical entirely within a single lane" and "may not move from the lane unless that movement can be made safely." TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011); *Fowler v. State,* 266 S.W.3d 498, 504-05 (Tex. App.—Fort Worth 2008, pet. ref'd). The trial court found that Officer Burns possessed facts leading reasonably to a suspicion appellant had violated this provision of the transportation code. The record supports the trial court's explicit finding. Huff testified she told the 911 dispatcher she saw appellant's vehicle swerving in and out of his lane of traffic, almost hitting other vehicles. Burns testified to her observations after she pulled in behind appellant's vehicle in response to the 911 call. The officer told the court that as she followed appellant's vehicle, "[h]e then went over to the left-hand lane where he almost hit a pickup truck, at which time I initiated my overhead lights." The patrol car video, shown at the hearing, supports her testimony. The trial court did not abuse its discretion in finding Officer Burns had a reasonable suspicion appellant committed the traffic offense of failure to maintain a single lane.

5

A person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West 2011). Testimony at the suppression hearing was to the effect appellant was driving erratically and nearly hit several vehicles. Officer Burns testified to her training and experience and noted her observations of appellant that lead her to believe appellant was operating his van while intoxicated. The court also heard Huff's opinion appellant was intoxicated. In its findings of fact and conclusions of law, the trial court concluded Burns possessed a reasonable suspicion that appellant was committing the offense of driving while intoxicated based on the totality of the conduct she observed, her training and experience, and the conduct that had been reported to the dispatcher. The record supports the trial court's finding. For both those reasons, the officer's traffic stop and detention of appellant were supported by a reasonable suspicion of his violation of law.

As noted, appellant's motion to suppress also challenged the officer's retrieval of the two 24-ounce beer cans. The trial court included in its findings of fact the officer's observations of appellant at the time she stopped him and his failure of each of the field sobriety tests. The court's findings include the fact that officers found the two beer cans in plain view in the van. *See Deaver v. State,* 314 S.W.3d 481, 485 (Tex. App.—Fort Worth 2010, no pet.) (no invasion of expectation of privacy when contraband is in "plain view" and observed by a police officer from a lawful vantage point). *See also Harper v. State,* 349 S.W.3d 188, 192 (Tex. App.—Amarillo 2011, pet. ref'd) (noting when a police officer stops a car based on a reasonable suspicion the driver is intoxicated, smells odor of alcohol, has probable cause to believe open alcoholic beverage containers in the car, probable cause exists for officer to search the vehicle for open containers in the car). The record supports the findings of the trial court.

6

The trial court ultimately concluded "[a]ll evidence in this case was obtained lawfully." The record, which we have summarized but which contains considerably more detail, supports this conclusion. The trial court did not abuse its discretion in denying the motion to suppress. We overrule appellant's second issue.

Sufficiency of the Evidence

The Texas Court of Criminal Appeals has held that the *Jackson v. Virginia*[2] legal sufficiency standard is the only standard a reviewing court should apply when determining whether the evidence supports the elements of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).[3]

The standard for reviewing a sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 320. The evidence is examined in the light most favorable to the verdict. *Id.* This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *Id.* at 319.

As noted, a person commits the offense of driving while intoxicated if he is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West 2011). "Intoxicated" is defined as "not having the normal use of mental

---

[2] *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

[3] Appellant's brief discusses the evidence under both this standard and the formerly-applied factual sufficiency standard. We will not independently consider appellant's argument challenging the factual sufficiency of the evidence.

7

or physical faculties by reason of the introduction of alcohol . . . into the body" or "having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (West 2011).

Appellant generally argues the evidence was insufficient to support his conviction.  In her trial testimony, Huff told the jury appellant almost hit her as they drove the same direction on the interstate, his van was swerving from side to side and nearly hit another vehicle in another lane, he slammed on his brakes, and sped up and slowed down repeatedly.  She also testified she saw the driver and noticed he "looked droopy, his face and his body over the wheel kind of."  She called 911, believing the driver was intoxicated.

Burns also told the jury of her training and experience.  She testified that she responded to the dispatch and located the cars described.  When she encountered appellant, he was driving about 40 miles per hour, much slower than the surrounding traffic.  Consistent with her suppression hearing testimony, she told the jury the van drifted into the left-hand lane and almost hit a pick-up truck.  The officer then initiated the traffic stop because she believed the driver was intoxicated and had committed the offense of failing to maintain a single lane.

When the officer approached appellant, she noted the odor of alcohol and bloodshot eyes. She and a backup officer noted two 24-ounce cans of beer in the van and noticed appellant braced himself against the van when he stepped out.  Burns testified she administered field sobriety tests, all of which appellant failed.  She testified to her opinion appellant was intoxicated.  The jury learned that after appellant's arrest he was taken to a hospital, where a blood draw showed his blood alcohol concentration

8

was 0.24.  Appellant also admitted to another officer he had consumed four to six 24-ounce cans of beer that day.

Based on our review of the evidence presented to the jury, we conclude the fact finder reasonably could have found each essential element of the offense beyond a reasonable doubt.  *Jackson,* 443 U.S. at 320.  We resolve appellant's first issue against him, and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.