**Lincoln Dale ELROD, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 06-17-00081-CR**

Court of Appeals of Texas, Texarkana.

Date Submitted: August 22, 2017

Date Decided: October 4, 2017

Richard S. Gladden, Law Office of Richard Gladden, Denton, TX, for appellant.

James Stainton, County Attorney, Decatur, TX, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

After the trial court denied his motion to suppress, Lincoln Dale Elrod pled guilty to having possessed less than two ounces of marihuana. The trial court found the evidence supported Elrod's guilt, but deferred a finding of guilt and placed him on community supervision for a period of twelve months. Elrod appeals, maintaining that the trial court erred when it denied his motion to suppress. For the reasons below, we affirm the trial court's judgment.

## I. Background

Prior to entering his guilty plea, Elrod filed a motion to suppress arguing that Brown did not have reasonable suspicion

to stop him for unlawfully operating a motor vehicle with a defective license plate light. During the hearing, however, Elrod orally expanded the grounds for his motion to suppress maintaining that Brown entered and searched his vehicle without probable cause to do so.[1]

The State's only witness, Officer Brody Brown,[2] testified that, on August 25, 2015, while traveling east on Highway 114 in Wise County, Texas,[3] he passed a truck traveling in the westbound lane that did not have a license plate on its front bumper. Brown turned around and began following behind the vehicle. It was then he noticed that the truck's license plate light was not working properly. Based on the observed traffic violations, Brown initiated a stop of the vehicle and made contact with Elrod.

After explaining the reason for the stop and noticing that Elrod's eyes were red, Brown asked Elrod how much he had been drinking, explaining, "I can smell it, that's why I'm asking." Elrod informed Brown that he had consumed "one" before he left work. Brown then asked Elrod to exit his

vehicle in order to administer a standardized field sobriety test.[4] After completing the test, Brown asked, "You sure you just had one?" Brown stated that he "had one at lunch" and "one" before leaving work. Brown then asked Elrod if he had any open containers in his vehicle.[5] Elrod responded, "Probably one in a trash bag." Brown also asked Elrod if he had been drinking while he was driving, to which Elrod responded in the negative. Brown then continued conducting various field sobriety tests.

After completing the additional field sobriety tests,[6] Brown asked Elrod whether the open container in the trash bag was inside of the vehicle or in the bed of the truck. Elrod explained, "[I]t's in the truck in the trash bag."[7] Brown proceeded to search the interior of the truck and located a beer bottle and also observed a marihuana pipe. Brown then asked Elrod if there was any marihuana in the vehicle, to which Elrod answered in the affirmative. Brown continued to search Elrod's vehicle, finding two baggies that contained what appeared to be marihuana. He then placed Elrod

1. The day after the suppression hearing, Elrod filed a memorandum of law in support of his motion to suppress and included the issue he now raises on appeal, that is, that Brown did not have probable cause to search Elrod's vehicle. Unbeknownst to Elrod, the trial court had already entered its order denying Elrod's motion to suppress prior to his filing the memorandum of law.

2. At the time of the incident, Brown was employed as a patrol officer with the Boyd Police Department.

3. Originally appealed to the Second Court of Appeals in Fort Worth, Elrod's case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Because this is a transfer case, we apply the precedent of the Fort Worth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

4. The first sobriety test Brown administered to Elrod was the Horizontal Gaze Nystagmus Test.

5. A person commits an offense if he "knowingly possesses an open container in a passenger area of a motor vehicle that is located on a public highway, regardless of whether the vehicle is being operated or is stopped or parked." TEX. PENAL CODE ANN. § 49.031(a)(1), (b) (West 2011).

6. Brown testified that, based on the results of the sobriety tests, he determined that Elrod was not intoxicated.

7. Brown testified that he found a beer can in a plastic grocery sack in the front passenger floorboard.

under arrest for possession of less than two ounces of marihuana.[8]

The day after the hearing, the trial court entered its order denying Elrod's motion to suppress.[9] Thereafter, Elrod pled guilty to possession of less than two ounces of marihuana; however, the trial court certified that Elrod had the right to appeal its denial of his motion to suppress. On appeal, Elrod maintains that his statement to Brown that there was an open container in a trash bag inside his vehicle did not amount to sufficient probable cause to search the vehicle without a warrant. We disagree.

## II. Standard of Review

"We review a trial court's denial of a motion to suppress for an abuse of discretion." *Lemmons v. State*, 133 S.W.3d 751, 755 (Tex. App.—Fort Worth 2004, pet. ref'd) (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)); *see also Harris v. State*, 468 S.W.3d 248, 254 (Tex. App.—Texarkana 2015, no pet.). "In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Harris v. State*, 468 S.W.3d 248, 254 (Tex. App.—Texarkana 2015, no pet.) (quoting *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999)). Thus, "[w]e should afford almost total deference to a trial court's determination of the historical facts that the record supports[,] especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Id.* (in-

ternal quotation marks omitted) (quoting *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). However, "[w]e review 'de novo the [trial] court's application of the law of search and seizure to those facts.'" *Id.* (quoting *Ross*, 32 S.W.3d at 856). "The evidence should be viewed 'in the light most favorable to the trial court's ruling.'" *Id.* (quoting *Ballard*, 987 S.W.2d at 891; *Freeman v. State*, 62 S.W.3d 883, 886 Tex. App.—Texarkana 2001, pet. ref'd)).

## III. Discussion

The Fourth Amendment to the United States Constitution and Article I, Section 9, of the Texas Constitution guarantee the right to be secure against unreasonable searches. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. In addition, Article 38.23 of the Texas Code of Criminal Procedure forbids any evidence obtained in violation thereof to be admitted against an accused. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). While a warrantless search or seizure is normally unreasonable, a few well-defined and limited exceptions exist. For instance, pursuant to the automobile exception, officers may conduct a warrantless search of an automobile readily capable of being used on a public highway (1) if there is probable cause to believe that a crime has been committed; (2) if there is probable cause to believe contraband is located in the vehicle; and (3) "where it is not practicable to secure a warrant because the vehicle can be quickly

---

8. The State also offered, and the trial court admitted, two recordings of the incident, one recorded by Brown's body camera and the other by the patrol car's dashboard camera. Elrod had no objections to the admission of either of the recordings.

9. The trial court did not enter findings of fact and conclusions of law. When a trial court

does not enter findings of fact and conclusions of law, an appellate court must presume that the trial court implicitly resolved all issues of historical fact and witness credibility in the light most favorable to its final ruling. *State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000).

moved out of the locality or jurisdiction in which the warrant must be sought." *Chambers v. Maroney*, 399 U.S. 42, 48–49, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Amos v. State*, 819 S.W.2d 156, 160–61 (Tex. Crim. App. 1991); *Blaylock v. State*, 125 S.W.3d 702, 705 (Tex. App.—Texarkana 2003, pet. ref'd). An officer is justified, when conducting a permissible warrantless search of an automobile, in searching every part of the vehicle and any contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

A defendant alleging a Fourth Amendment violation bears the burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). "A defendant meets his initial burden of proof by demonstrating that a search or seizure occurred without a warrant." *Id.* The burden shifts to the State to prove that the search or seizure was nonetheless reasonable under the totality of the circumstances. *Id.* at 672–73. Under Article 38.23, evidence must be excluded once a causal connection between the illegality and the evidence is established. Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005); *Roquemore v. State*, 60 S.W.3d 862, 870 (Tex. Crim. App. 2001).

In the present case, there is no question that Brown searched Elrod's vehicle without the benefit of a warrant. Consequently, the issue in this appeal is whether Brown had probable cause to believe a crime had been committed and whether there was probable cause to believe that contraband was located in Brown's vehicle. In determining probable cause, we must consider the totality of the circumstances. *Angulo v. State*, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987). Although probable cause requires more than mere suspicion, it requires far less evidence than

is needed to support a conviction or even a finding by a preponderance of the evidence. *Middleton v. State*, 125 S.W.3d 450, 459 (Tex. Crim. App. 2003). Probable cause exists when an officer has reasonably trustworthy information sufficient to warrant a reasonable belief that an offense has been or is being committed. *McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003).

In support of his contention that Brown lacked probable cause to search his vehicle without a warrant, Elrod points first to *State v. Stevenson*, 299 Kan. 53, 321 P.3d 754 (2014). In that case, officers stopped Stevenson based upon a turn signal violation. After observing a strong odor of alcohol emanating from inside the vehicle, the officers searched it and located methamphetamine. Stevenson was subsequently arrested for possession of that drug. Prior to trial, he filed a motion to suppress the methamphetamine, which the district court denied and the appellate court upheld. The Supreme Court of Kansas, however, determined that the search of Stevenson's vehicle was unlawful, stating, "The officers' failure to acquire additional inculpatory facts relating to the crime being investigated before commencing their search of the vehicle rendered the search unreasonable and unlawful." *Id.* at 763. The facts contained in *Stevenson*, however, are easily distinguishable from the facts of this case because, here, Elrod admitted that there was an open container in his vehicle.

Directing us to Texas cases, Elrod emphasizes *Carter v. State*, 775 S.W.2d 780 (Tex. App.—Houston [1st Dist.] 1989, no pet.), and *Harper v. State*, 349 S.W.3d 188 (Tex. App.—Amarillo 2011, pet. ref'd). In *Carter*, following a lawful stop, the officer smelled the odor of alcohol when he initially approached the vehicle. While speaking to the driver, who was the sole occupant in the vehicle, the officer observed a beer can

in plain view. Based on the officer's observations, the Houston First District Court of Appeals determined that there existed probable cause to arrest the defendant for possession of alcohol by a minor and that the search of the vehicle was justified. *Carter*, 775 S.W.2d at 782. In *Harper*, an officer noticed the odor of alcohol on the driver, and the officer was told by the passenger that there was an open container in the vehicle. The Amarillo Court of Appeals determined that the odor of alcohol, in addition to the passenger's admission that there was an open container in the vehicle, was sufficient to support probable cause necessary for the officer to search the vehicle. *Harper*, 349 S.W.3d at 192.

We presume Elrod contends that the facts of the above-mentioned cases are somehow distinguishable in some meaningful way from the facts of this case. Again, we disagree. Here, when Brown detected the odor of alcohol emanating from the vehicle, he asked Elrod if there was an open container in the vehicle, to which Elrod replied that "there was probably one in a trash bag." Based on the odor of alcohol and Elrod's admission that there

was an open container in his vehicle, there existed probable cause to search Elrod's vehicle for the open container. Moreover, while lawfully searching for the open container, Brown observed a marihuana pipe and then asked Elrod if there was any marihuana in his vehicle, to which Elrod responded affirmatively. Pursuant to Brown's observation of the marihuana pipe and Elrod's admission that there was marihuana in his vehicle, probable cause existed for Brown to continue his search for the marihuana.[10]

For these reasons, we overrule Elrod's sole point of error.

## IV. Conclusion

We affirm the trial court's judgment.

---

10. In his reply brief, Elrod argues that the State failed to establish probable cause to search the vehicle for an open container because it did not establish that Brown possessed any information that would support a reasonable belief that any container in Elrod's car actually contained alcohol before beginning the search. In the absence of probable cause to search the vehicle for the presence of an open container, Elrod argues, the subsequent search was invalid under the Fourth Amendment rendering the discovery of both the beer can and the marijuana inadmissible.

Yet, Brown testified on direct examination that he asked Elrod if he had any "open containers" in the vehicle and that Elrod said, "Yes." Brown also testified that this question and answer was asked during a conversation about whether and how much Elrod had been drinking before being stopped by Brown and while Brown was administering a field sobriety test to Elrod. In this context, the trial court, as "sole trier of fact and judge of the credibility of the witnesses," could reasonably have inferred that both Brown and Elrod understood Brown's question to refer to open containers *of alcohol*. *Harris*, 468 S.W.3d at 254. Moreover, the trial court could have reasonably inferred that Brown reasonably believed that Elrod understood his question in that context and answered it accordingly. As noted above, "[w]e should afford almost total deference to a trial court's determination of the historical facts that the record supports[,] especially when the trial court's findings of fact are based on an evaluation of credibility and demeanor." *Id.* Therefore, the record supports the trial court's finding that Brown possessed probable cause to perform the search.