

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00188-CR
_____

DARYL WASHINGTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-2110, Honorable William R. Eichman II, Presiding

December 31, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Daryl Washington, appeals from his convictions for possessing a controlled substance and, as a convicted felon, possessing a firearm. Through one issue, he contends the trial court abused its discretion in failing to grant his motion to suppress because evidence was obtained as the result of an unlawfully extenuated detention and search exceeding consent. We affirm.

### Background

Appellant was stopped by police and arrested in August 2022. This came about when an officer observed him 1) speeding and 2) operating a vehicle with a nonfunctioning license plate light. Upon making initial contact with appellant, the officer saw an open container of alcohol in plain view, a fact no one disputed. That resulted in the officer deciding to search the vehicle. To that end, the officer requested backup. So too was appellant asked to exit the vehicle and consent to a search of his person for weapons. Appellant granted same. While patting him down, the officer also questioned appellant whether there was "anything illegal in [his] pockets" and asked for consent to search them. The answers received were "no" and "yes," respectively.

Searching appellant's pockets uncovered a metal container, which the officer opened. Within it was a controlled substance, which tested positive for cocaine.

Upon the arrival of police backup, a search of the vehicle ensued. That search led to the discovery of other controlled substances and a firearm. Appellant's arrest followed.

Prior to trial, appellant moved to suppress the fruits of the search. The trial court ultimately denied said motion.

### Analysis

Appellant argues the trial court erred in denying his motion for new trial. Reading his argument leads us to view it as based, in large part, upon the belief that the officer extended the stop beyond its permissible duration. That is, once the officer saw the opened can of alcohol and informed appellant of the defective license plate light, the need for detaining appellant evaporated. Thus, searching the car violated his constitutional rights to be free of unreasonable searches and seizures. Regarding the discovery of

contraband on his person, appellant seems to suggest his consent was involuntary due to the extended nature of the stop and the search of the container exceeding the scope of consent. We overrule the issue.

The standards and law applicable to review of a search and seizure are well-established and discussed in *Villamares v. State*, 07-23-00007-CR, 2023 Tex. App. LEXIS 8217, at *8-9 (Tex. App.—Amarillo Oct. 30, 2023, no pet.) (mem. op., not designated for publication). We apply them here.

Next, a traffic stop made to investigate a traffic violation must be reasonably related to that purpose and may not be prolonged beyond the time to complete the tasks associated with the traffic stop. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018); *Villamares*, 2023 Tex. App. LEXIS 8217, at *7-8. Although an officer may ask drivers and passengers about matters unrelated to the purpose of a traffic stop, any questioning cannot measurably extend the duration of the stop. *Id.*

Here, it is undisputed that the initial traffic stop was lawful. And, there is little quibble that an officer is permitted to ask a driver if he possesses any illegal contraband and to solicit voluntary consent to search. *Strauss v. State*, 121 S.W.3d 486, 491 (Tex. App.—Amarillo 2003, pet. ref'd). The inquiry, then, is whether the extension of the stop was justified. *See Harper v. State*, 349 S.W.3d 188, 192 (Tex. App.—Amarillo 2011 pet. ref'd).

We have held that an officer seeing an open container of alcohol in a vehicle gives the individual probable cause to both believe an open container violation occurred and to conduct a warrantless search of the vehicle for open containers. *Id*. Since evidence illustrates the officer observed the open container in plain sight, he had both probable

cause to search the vehicle and reasonable basis to extend the stop to effectuate that search. Appellant mistakenly argues otherwise. And, it was during that permissible search that other contraband and the weapon were encountered.

As for the discovery of contraband in the metal container, evidence reveals that appellant consented to the officer's search of his (appellant's) pockets. And though consent was given as the officer conducted a pat-down, other evidence indicates that the officer sought consent to search not simply to discover the presence of weapons on appellant's person. Indeed, the officer asked if appellant had "anything illegal" in his pockets before requesting permission to search them. In so asking, one witnessing the exchange could reasonably construe it as the officer's request to search the pockets for contraband, not simply weapons. Moreover, appellant did not limit or otherwise condition the scope of his consent to the search of his pockets. That scenario was akin to the circumstances which led the court in *Glass v. State*, No. 14-12-01039-CR, 2014 Tex. App. LEXIS 2684 (Tex. App.—Houston [14th Dist.] Mar. 11, 2014, no pet.) (mem. op., not designated for publication) to uphold the search of a wallet.

*Glass* also involved the search of a detainee's pockets. The detainee granted the officer permission to do so, which led to the officer removing and opening the individual's wallet. As noted in *Glass*, "[s]ince Deputy Cruz already had done a pat down for weapons, a reasonable person would have understood that he was now searching for something else." *Id*. at 2014 Tex. App. LEXIS, at *4. And, the suspect failed to condition or otherwise limit the search's scope. Thus, "it was objectively reasonable for the trial court to conclude that the general consent to search appellant's pockets included consent to search 'containers' within those pockets." *Id.* at 2014 Tex. App. LEXIS, at *5. The same is no

4

less true here. The officer asking about the presence of anything illegal within the pockets, soliciting consent to search them, and hearing consent without limitation made it objectively reasonable for the trial court to conclude that the general consent appellant afforded to search the pockets included consent to search containers found therein.

As for the voluntariness of the consent, that too seemed to hinge on improperly delaying the traffic stop. Yet, as discussed earlier, the officer had legitimate basis to do so; again, he had probable cause to search the vehicle upon seeing the open alcoholic beverage container.

Having overruled appellant's issue, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.